NUMBER 13-99-691-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


__________________________________________________________________


JOHN V. THOMAS
, Appellant,


v.



AUDREY CARGILL, Appellee.

__________________________________________________________________


On appeal from the 157th District Court


of Harris County, Texas.


__________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez and Rodriguez



Opinion by Justice Chavez



 This case arises from an auto collision in Brazoria County. 
Appellee Audrey Cargill rear-ended appellant John V. Thomas at a four
way stop. Appellant sued appellee for negligence. At trial, the jury
found for the appellee. Appellant now raises two issues on appeal. We
affirm.

 Appellant first argues that the trial court erred in refusing to admit
the report of Pearland Police Officer D. B. Smith's investigation of the
collision into evidence. This is a mischaracterization of what happened
at trial. The trial court did allow appellant to admit the police officer's
report into evidence if presented in a redacted form. The portions the
court required to be edited involved conclusions of fault which the
officer was not qualified to make and which were issues for the jury to
determine. 

 At trial, the court asked, "Are we going to have an issue with the
police report?" Appellee's attorney answered that "If it is properly
redacted, we won't." After being informed of the admission of the
report, and appellee's wish for it to be received in a redacted form,
appellant's attorney answered that he "shouldn't have any issue" with
its admission, and made no objection to the redaction. During the
cross-examination of appellee, appellant's counsel claimed that the
police report was in evidence. The court responded that the exhibit
"was admitted subject to that redaction." No further reference appears
to the admission or exclusion of the investigating police officer's report.

 Appellant made no redactions to the police report. It is the party
who controls the document to be redacted that has the burden to make
the proper redactions to it. See Valero Transmission, L.P. v. Dowd, 960
S.W.2d 642, 649 (Tex. 1997). Here, as the party wishing to admit the
evidence, appellant had the burden of making the required redactions. 
He failed to do so; thus the trial court did not err in excluding the report. 
We overrule appellant's first issue on appeal.

 The second argument appellant presents is that the trial court
erred in rendering judgment on the verdict because the jury's responses
to the special issues are so against the great weight and preponderance
of the evidence as to be clearly wrong. In order raise this factual
insufficiency issue on appeal, appellant must first make this allegation
in a motion for new trial. Tex. R. Civ. P. 324(b) (West 2000). In
appellant's motion for a new trial he complains of juror misconduct and
of a failure to admit Officer Smith's testimony and report. Appellant
does not make the argument that the jury's responses to the special
issues are so against the great weight and preponderance of the
evidence as to be clearly wrong. Therefore, the issue is not properly
preserved for appeal, and we overrule the issue.

 We AFFIRM the judgment of the trial court.

 

 MELCHOR CHAVEZ

 Justice

Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 29th day of June, 2000.